IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| DERWIN W. BELL, <br><br> Plaintiff, <br><br> v. <br><br> INTERVALE MORTGAGE CORPORATION, *et al.*, <br><br> Defendants. | Civil Action No. AW-13-582 |

**MEMORANDUM OPINION**

Pending before the Court is Defendant Impac Secured Assets 2005-2 Trust's Motion to Dismiss *pro se* Plaintiff Derwin Bell's Complaint for failure to state a claim. Doc. No. 7. The Court has reviewed the record and concludes that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2011). For the following reasons, the Court will **GRANT** Defendant's Motion to Dismiss.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Derwin Bell, proceeding *pro se* in this matter, asserts a series of claims against Defendants Intervale Mortgage Corporation (Intervale) and Impac Secured Assets 2005-2 Trust[1] (Impac) related to the origination and securitization of a mortgage loan secured by Bell's property located at 626 University Drive in Waldorf, Maryland.[2]

On October 14, 2005, Bell executed a Note in favor of Intervale in the amount of $288,000. Compl. ¶ 5. To secure the loan, Bell also granted Intervale a security interest in the

---

[1] The proper name of the trust is Impac Secured Assets Corporation Mortgage Pass-Through Certificates Series 2005-2.
[2] The Court notes that the Complaint in this case is remarkably similar in form and substance to the Complaint in another case before this Court, *Bowman et al. v. Finance America, LLC et al.*, Case No. 13-cv-208-AW. Indeed, several portions of the Complaints are identical.

1

property through a Deed of Trust, which was recorded in the land records of Charles County. *Id.* ¶ 6. On or about December 29, 2005, Intervale sold the Note to Impac, a securitization trust registered with the Securities and Exchange Commission (SEC), without Plaintiff's knowledge or consent. *Id.* ¶ 7. Plaintiff did not learn of this transaction until August 6, 2012, when he obtained a Real Estate Securitization Audit, attached to his Complaint as Exhibit A. According to the Audit, Defendant Impac was established on December 1, 2005. Compl. Ex. A at 8.

Plaintiff filed his Complaint on February 22, 2013, alleging Deceit and Actual Fraud (Count I), Conspiracy to Defraud (Count II), Breach of Implied Covenant of Good Faith and Fair Dealing (Count III), and Unjust Enrichment (Count IV) against both Defendants. Impac filed its Motion to Dismiss on March 29, 2013, to which Plaintiff responded on April 19, 2013.[3] The Motion is fully briefed and ripe for the Court's consideration.

## II.   STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of [the] complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, the complaint need only satisfy Rule 8(a) of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In resolving a motion to dismiss, the Court should proceed in two steps. First, the Court should determine which allegations in the Complaint are factual allegations entitled to deference, and which are mere legal conclusions that receive no deference. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Second, "[w]hen there are well-pleaded

---
[3] Defendant Intervale has not yet answered the Complaint.

2

factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

In its determination, the Court must "accept the well-pleaded allegations of the complaint as true," *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and "must construe factual allegations in the light most favorable to the plaintiff," *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court should not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), "legal conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

Complaints filed by *pro se* plaintiffs are "to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citations omitted) (internal quotations omitted). However, "even a *pro se* complaint must meet a minimum threshold of plausibility." *Hawkins v. Hairston*, No. 12-cv-1366-JKB, 2012 WL 5503839, at *2 (D. Md. Nov. 8, 2012).

## III. ANALYSIS

As a preliminary matter, Impac contends that Plaintiff's claims are barred by Maryland's statute of limitations, which provides that "[a] civil action at law shall be filed within three years from the date it accrues." MD. CODE ANN., CTS. & JUD. PROC. § 5-101. Impac argues that the alleged misrepresentations underlying Plaintiff's claims occurred "at the time of closing" in

3

2005, and therefore, his causes of action accrued in 2005. *See* Compl. ¶ 15. However, the Court of Appeals of Maryland has held that the discovery rule generally applies to a cause of action brought under § 5-101 and that "the cause of action accrues when the claimant in fact knew or reasonably should have known of the wrong." *Poffenberger v. Risser*, 431 A.2d 677, 680 (Md. 1981). Plaintiff alleges that he did not learn of the securitization of the Note until August 6, 2012. Compl. ¶ 7. The Court must accept Plaintiff's well-pleaded allegations as true, and based on the record before the Court it would be premature to conclude that Plaintiff had constructive notice of the transaction earlier than 2012. Accordingly, the Court will not dismiss Plaintiff's Complaint on statute of limitations grounds. However, Plaintiff's claims against Impac nevertheless fail to withstand scrutiny.

Plaintiff's allegations of fraud,[4] conspiracy, and breach of implied covenant of good faith and fair dealing are all based on Intervale's alleged failure to disclose to Plaintiff in October 2005 that it was going to sell the Note to Impac following the transaction. *See, e.g.*, Compl. ¶ 15 ("Intervale did not disclose the material information to the Plaintiff at the time of closing . . . ."); ¶ 16 ("Intervale induced Plaintiff into entering the contract . . . ."). However, Plaintiff fails to allege, other than in conclusory allegations made against both Defendants, any wrongdoing by Impac in particular. Indeed, Plaintiff cannot allege that Impac committed any wrongdoing because it did not even exist at the time Plaintiff and Intervale entered the loan agreement in October 2005. According to the Audit attached to Plaintiff's Complaint, Impac did not exist until December 1, 2005 at the earliest. Compl. Ex. A at 8. Furthermore, Impac asserts in its Motion that it was created on December 29, 2005, Doc. No. 7-1 at 6, a fact not disputed by Plaintiff in his response brief. Accordingly, Counts I, II, and III against Impac will be dismissed.

---

[4] Plaintiff cites various provisions of the California Code governing actions for deceit and actual fraud. The Court construes Plaintiff's claim as one for fraudulent inducement under Maryland law.

4

In Count IV, Plaintiff alleges unjust enrichment and claims that "Intervale was paid in full when it sold Plaintiff's Note to the Trust. The Trust [Impac] was paid in full when Plaintiff allegedly defaulted and it was reimbursed by the insurance company." Compl. ¶ 33. Even assuming that Impac recovered from an insurance company upon Plaintiff's default, Plaintiff cannot explain how Impac recovered twice and was unjustly enriched. Furthermore, Plaintiff has failed to articulate any legal theory, and the Court is aware of none, that forgives his mortgage debt merely because his lender sold the Note to a third party.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Impac's Motion to Dismiss for failure to state a claim. A separate Order follows.

| | |
|---|---|
| __May 8, 2013__<br>Date | _____/s/_____<br>Alexander Williams, Jr.<br>United States District Judge |